**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30019 |
| Plaintiff - Appellee, | D.C. No. 1:14-cr-00143-PA |
| v. | |
| ZEUS APOLO GUZMAN-AGUILAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Zeus Apolo Guzman-Aguilar appeals from the district court's judgment and challenges the 57-month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guzman-Aguilar first argues that the district court procedurally erred by failing to address his mitigating arguments and discuss its application of the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court addressed Guzman-Aguilar's arguments and explained that the sentence was appropriate in light of the applicable sentencing factors. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053-54 (9th Cir. 2009).

Next, Guzman-Aguilar asserts that his sentence is substantively unreasonable, referencing the "alternative" Guidelines range that would have applied had his reentry offense and his recent state drug-trafficking offense been prosecuted together in federal court. We review a claim that a sentence is substantively unreasonable for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of Guzman-Aguilar's criminal and immigration history, the court did not abuse its discretion in imposing a low-end sentence of 57 months. *See id*.

**AFFIRMED.**